**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert V Blome, | No. CV-21-00812-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff seeks judicial review of the Social Security Administration ("SSA") Commissioner's decision denying his application for SSA disability benefits. Plaintiff filed an Opening Brief (Doc. 14) on December 6, 2021. Defendant filed a Response Brief (Doc. 16) on January 5, 2022. Plaintiff filed his Reply Brief (Doc. 17) on January 19, 2022. The Court has reviewed the briefs and the Administrative Record (Doc. 7, "R."). For the reasons discussed herein, the Commissioner's decision is reversed and remanded for further proceedings consistent with this Order.

**I.     Background**

On September 5, 2013, Plaintiff filed an application for a period of disability and disability benefits with an onset date of January 1, 2011, which was later amended to an onset date of October 1, 2013. (R. at 17, 641). On May 11, 2016, the ALJ issued an unfavorable decision. (R. at 14). The Appeals Council denied review of that decision. (R. at 1). The matter was remanded from the Appeals Counsel by remand form this Court. (R. at 764). Upon remand, the ALJ issued another unfavorable decision. (R. at 638). The

Appeals Council denied review. (R. at 628). This appeal followed.

In its most recent decision, the ALJ found that through the date last insured, Plaintiff's severe impairments included degenerative disc disease and obesity. (R. at 644). In reviewing the record, the ALJ found that Plaintiff's symptom testimony was not entirely consistent with the evidence. (R. at 648). The ALJ also assigned little weight to opinion evidence from Drs. Ashish Sachdeva and Robert Winter. (R. at 651–52).

The ALJ concluded that Plaintiff through the date last insured, Plaintiff "did not have an impairment or combination of impairments" that could be considered severe. (R. at 647). The ALJ found that Plaintiff had the residual functional capacity ("RFC") "to perform the full range of medium work . . . ." (*Id.*)

## II. Standard of Review

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §

404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**III.   Discussion**

Plaintiff argues that the ALJ erred by (1) improperly rejecting Plaintiff's symptom testimony, (2) improperly rejecting opinion evidence, and (3) failing to consider the potential combination of mental and physical impairments as a severe impairment.

**a.  Symptom Testimony**

Plaintiff argues that the ALJ erred in rejecting Plaintiff's symptom testimony. The Ninth Circuit has held that an "ALJ must provide clear and convincing reasons for rejecting the claimant's testimony regarding the severity of symptoms." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Defendant argues that this standard is not consistent with the substantial evidence standard established in 42 U.S.C. § 405(g), but it also argues that there is sufficient evidence to support the ALJ's determination under either standard. (Doc. 16 at 10 n.5). The Court need not resolve this legal issue here, as the ALJ has provided sufficiently clear and convincing reasons to reject Plaintiff's symptom testimony.

Plaintiff testified to being able to only lift about 20 pounds, to sit and stand for 30-45 minutes, and to walk long enough to go around a block. (R. at 696). He testified to having difficulty with supervisors at work as he was "somewhat confrontational . . . ." (R. at 699). And he testified to needing assistances with household chores. (R. at 707). The

ALJ found that this testimony was not entirely consistent with the evidence. (R. at 648). Here, the ALJ specifically noted two MRI scans from 2014 that lacked any showing of "severe stenosis that would cause more pain and limitations" as well as clinical examination findings that consistently showed Plaintiff exhibiting normal strength and a normal gait. (R. at 648) (citing 418, 446, 505–09, 540). The ALJ cited to records showing that treatment successfully controlled Plaintiff's pain. (R. at 649) (citing R. at 487, 541, 549). The ALJ also noted that at a January 2014 examination, Plaintiff reported that he continued to "golf, take care of the household, do house projects, walk, swim, and ride his bike . . . ." (R. at 650) (citing R. 411–12).

Plaintiff argues that this evidence fails to meet a clear and convincing standard. He cites to an October 2016 MRI showing that "moderate to severe left and severe right foraminal stenosis." (R. at 981). As to treatment records, Plaintiff argues that he "failed conservative treatment and required more aggressive interventions over time" that only provided "temporary" relief. (Doc. 14 at 15) (citing R. at 526, 538) Plaintiff also takes issue with the ALJ's characterization of Plaintiff's golfing as he "no longer" plays a whole game but merely "swung a club and hit a few golf balls." (Doc. 14 at 18). He also claims that his other physical activity does not establish that he "engaged in vigorous, prolonged exercise that was inconsistent with his standing, lifting, and other testimony." (*Id.* at 17).

Although Plaintiff has identified portions of the Record that tend to support his testimony, the Record as a whole does not. The Court finds that the records cited to by the ALJ provide clear and convincing evidence that contradicts Plaintiff's testimony. Records as late as 2019 show Plaintiff was able to sit without discomfort for the duration of a medical exam and that he had a normal gait. (R. at 960). Although Plaintiff's treatment was more than conservative, the Record generally shows that the treatment was effective. Finally, even if Plaintiff's physical activities were not "vigorous," they do tend to show a greater physical capacity than only being able to sit and stand for about half an hour. The Court finds that the ALJ's decision to discount Plaintiff's symptom testimony was supported with clear and convincing evidence.

**b. Opinion Evidence**

Next, Plaintiff argues that the ALJ failed to afford proper weight to the opinions of Drs. Sachdeva and Winter. The Court concludes that the ALJ provided specific and legitimate reasons for affording each minimal weight.

        i.    *Dr. Sachdeva*

Dr. Sachdeva, a treating physician, opined in two checkbox forms that Plaintiff could only sit, stand, or walk for fewer than two hours in a workday and that he could only lift or carry between fifteen and twenty pounds. (R. at 474, 565). In addition, the opinion stated that Plaintiff could only bend, reach, stoop, and use his left hand and feet on a "Less than occasional" basis. (R. at 474, 565). The ALJ afforded minimal weight to this opinion because Dr. Sachdevan's opinion, as the ALJ found, was based upon "claimant's subjective complaints rather than objective medical findings." (R. at 651). The ALJ found there was "simply a lack of medical evidence in the file to support the walking, sitting, reaching, manipulative, foot control, and stooping restrictions" as the Record showed "normal strength and range of motion in all of his extremities and hips." (*Id.*) Finally, the ALJ noted that Plaintiff's physical activities, such as golfing and going to the gym, are inconsistent with the opinion. (*Id.*)

Generally, an ALJ weights a treating physician's opinion more heavily than a non-treating physician's opinion. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). However, "[a]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (cleaned up). "Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

Plaintiff argues, again, that the ALJ erred by misconstruing statements about Plaintiff's golfing and other physical activity. He also argues the ALJ failed to discuss portions of the Record showing the kind of restrictions in support of Dr. Sachdeva's

opinion. He cites records showing back and neck pain. (Doc. 14 at 21) (citing R. at 418, 486–87). And Plaintiff argues that there is no indication in the record that Dr. Sachdeva based his opinions on Plaintiff's subjective complaints.

The Court finds the ALJ gave specific and legitimate reasons to afford minimal weight to Dr. Sachdeva's opinion. As discussed above, the record of Plaintiff's golfing and other exercise do tend to show more mobility than was expressed in Dr. Sachdeva's opinion. As the ALJ found, the records that Plaintiff cites do not support the wide array of restrictions called for in the opinion. Finally, as there is no indication as to what Dr. Sachdeva used to base the opinion on, the ALJ properly rejected it. An "ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) (cleaned up). It was reasonable to conclude that, without any other citation to evidence, that the opinion was based on Plaintiff's subjective complaints.

  *ii.   Dr. Winter*

Dr. Winter opined, in two checkbox forms, that Plaintiff could not sit, stand, or walk for more than two hours in a workday and that he could only carry ten pounds or less. (R. at 1524, 1543). He also opined that Plaintiff could only bend, reach, or stoop on a less than occasional basis. (R. at 1524, 1543). The ALJ only afforded minimal weight to the opinion because "[l]ike Dr. Sachdevan [sic], Dr. Winter used a checked box form with minimal explanation or citation to the record." (R. at 652). The ALJ also noted that Dr. Winter's "treatment with the claimant was well after the date last insured, and his opinion does not pertain to the relevant period at issue. Again, there was a lack of objective findings to support these restrictions upon lifting, carrying, walking, bending, stopping, and reaching." (*Id.*)

Because the ALJ critiqued Dr. Winter's opinion for substantially similar reasons as with Dr. Sachdeva, Plaintiff's arguments as to why the ALJ erred are similar, as well. He argues the checkbox form may be reliable and that the objective evidence supports the opinion. But the Court rejects these arguments for the reasons stated above. Checkbox

forms may be discounted for failing to cite the basis for the opinions, and the Record contains evidence contradicting limitations stated in the opinion.

### c. Combined Impact of Physical and Mental Impairment

In its prior Order, this Court had found that it was not clear whether the ALJ had considered the combined effects of Plaintiff's impairments. (R. at 761). An ALJ is required to consider the effect of the "combination of impairments" during step two. 20 C.F.R. § 404.1520(c). Plaintiff argues that the ALJ failed to do so because the ALJ failed to discuss the interaction "between pain and mental distress." (Doc. 14 at 24). Defendant argues the Court's prior Order only required the ALJ to consider "whether 'any' of Plaintiff's impairments 'or more than one of them collectively' constituted a severe impairment." (Doc. 16 at 24) (citing R. at 764). Defendant's interpretation of the Order is narrow and does not include the Court's emphasis that the ALJ is to "consider the effect of the '*combination of impairments*.'" (R. at 761).

As before, the ALJ's decision contains lengthy examinations of Plaintiff's impairments. (R. at 644–47). When discussing Plaintiff's mental impairments, the ALJ found that the "impairments of mood/personality disorder and anxiety, considered singly and in combination, did not cause more than minimal limitation" and so were nonsevere. (R. at 645). At step two, the ALJ must consider "the combined effect of *all* of the claimant's impairments . . . ." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (emphasis added). Because it is not clear the ALJ considered whether *any* combination of *all* Plaintiff's impairments constitutes a severe combination, the Court finds legal error.

Accordingly,

**IT IS ORDERED** that the decision of the Commissioner is **REVERSED,** and this case is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings, including a new administrative hearing, to allow the Commissioner to consider whether a combination of any of Plaintiff's impairments constitute a severe impairment, and issue a new decision in accordance with this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment

accordingly.

Dated this 2nd day of September, 2022.

_____
Honorable Diane J. Humetewa
United States District Judge